UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLEN WEAH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 1:25-cv-01581-DAE |
| vs. | § | |
| | § | |
| | § | |
| STATE OF TEXAS, and ESTANCIA | § | |
| VILLAS LLC, | § | |
| | § | |
| *Defendants.* | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Susan Hightower. (Dkt. # 9.) Plaintiff Allen Weah, who is proceeding *pro se*, has not filed objections. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation as the opinion of the Court and **DISMISSES** Plaintiff's claims in their entirety.

BACKGROUND

This case was filed in this Court on September 30, 2025, by Plaintiff Allen Weah, proceeding *pro se*. (Dkt. # 1.) Plaintiff's complaint appears to challenge his eviction from an apartment owned by Defendant Estancia Villas, LLC. (See Dkt. # 1.) Plaintiff filed a Motion to Proceed *in forma pauperis* on the

1

same day.  (Dkt. # 2.)  Pursuant to a standing order, this case was referred to Judge

Hightower for resolution of Plaintiff's *in forma pauperis* application, as well as a

recommendation as to whether the case should be dismissed as frivolous pursuant

to 28 U.S.C. § 1915(e).  (Dkt. # 4.)  Judge Hightower thereafter issued an Order

Granting Plaintiff's Motion to Proceed *In Forma Pauperis*, denying Plaintiff's

Motion for Permission to File Electronically, and the instant Report and

Recommendations.  (Dkt. # 9.)

After reviewing the initial filings, Judge Hightower concluded that the

Plaintiff's claims should be dismissed without prejudice as frivolous under 28

U.S.C. § 1915(e) and warned the Plaintiff that continuing to file frivolous or

duplicative suits may results in imposition of monetary sanctions and a pre-filing

bar.  (Id. at 3.)  She concludes that this is the fourth suit Plaintiff has brought

challenging his 2023 eviction, and that prior suits were dismissed with prejudice

and the Fifth Circuit dismissed his appeals.  (Id.)

On October 9, 2025, the Report was mailed to Plaintiff via certified mail.

(See Dkt. # 10.)  The Certified Mail Return Receipt indicates that the Report was

received on October 15, 2025.  Plaintiff thereafter did not file objections within 14

days and has not filed anything in this case since.

APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara

3

v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

DISCUSSION

After careful consideration of the filings and the record, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court. The Court finds that Judge Hightower's analysis is reasonable and absent of clear error.

The Magistrate Judge recommends dismissal on the basis that this suit is duplicative of the other three suits brought before this Court.  (Dkt. # 9 at 3.) She reasons that even complaints brought *in forma pauperis* may not "relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the Plaintiff" because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*."  Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993).

Having carefully reviewed the Magistrate Judge's findings and the applicable law, the Court finds no clear error and agrees with the reasoning and recommendations set forth in the Report and Recommendation. Thus, the Court **ADOPTS** Judge Hightower's Report in full.  (Dkt. #9.)  Accordingly, the Court dismisses Plaintiff's claims **WITH PREJUDICE**. Lastly, given that this is at least the fourth frivolous case that Plaintiff Weah has filed, the Court warns Plaintiff

4

that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation.  (Dkt. # 9.)  **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.** Plaintiff's Request for Marshal Service is **DENIED AS MOOT**.  (Dkt. # 7.)  The Clerk is **DIRECTED** to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, May 20, 2026

_____
Hon. David Alan Ezra
Senior U.S. District Judge